Raymond Luther **BRYANS**, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24079.

United States Court of Appeals
Fifth Circuit.

March 23, 1967.

Certiorari Denied May 15, 1967.
See 87 S.Ct. 1705.

---

Raymond Luther Bryans, Jr., pro se.

F. D. Hand, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before BROWN, MOORE,* and BELL, Circuit Judges.

PER CURIAM:

Appellant, Raymond Luther Bryans, Jr., appeals in forma pauperis pursuant to leave granted (Order, September 19, 1966, U.S.D.C. N.D.Ga., Atlanta Div.) from a denial of a writ of error coram nobis. Charged with interstate transportation of forged securities, 18 U.S.C.A. § 2314, in California, appellant, under Rule 20 (F.R.Crim.P.) entered a plea of guilty in Georgia and received a two-year sentence (July 20, 1964). Subsequently appellant filed a motion (Rule 35) for a reduction of sentence on the ground that he had been adjudicated insane in 1958 (Supreme Court, New York) and urged that as a result thereof his sentence should be less. The Court (U.S.D.C. N.D.Ga) accepted appellant's factual allegations, treated the motion as made pursuant to § 2255, vacated the judgment and consent to the Rule 20 transfer, and ordered that appellant be returned to California for trial from which Order appellant did not appeal. There he was convicted by a jury on two counts under 18 U.S.C.A. § 2314 which included the charge to which he had pleaded in Georgia. He was sentenced to ten years on each count, subsequently reduced to two years (concurrent) upon final sentence, September 15, 1966. A direct appeal from this conviction is now pending undetermined in the Ninth Circuit. He is currently serving this sentence in Atlanta.

If there be an infirmity in the California conviction, appellant's appeal in the Ninth Circuit gives him a forum for so doing. He cannot now by a writ of error coram nobis attempt to appeal from the February 19, 1965 Order. Appellant, having raised the issue of insanity, cannot now complain that the Court was in error in bestowing upon him the legal consequences of such a factual situation, namely, rejecting jurisdiction.

The judgment of the District Court is Affirmed.

---

* Of the Second Circuit, sitting by designation.